**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jason Durkin PRZYBYLA, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1998.

Filed Dec. 8, 1998.

Michele Alfieri, Asst. Dist. Atty., Smethport, for Com., appellant.

James P. Miller, Smethport, for appellee.

Before FORD ELLIOTT, JOYCE and TAMILIA, JJ.

TAMILIA, J:

The Commonwealth appeals from the October 31, 1997 Orders of court dismissing one count each of statutory sexual assault and aggravated indecent assault against appellee, Jayson Durkin Przybyla, and rejecting the plea agreement of May 27, 1997.

On May 2 and 3, 1997, appellee Przybyla, then age 19, engaged in two separate acts of consensual sexual intercourse with the 13–year–old victim. Subsequently, Przybyla was charged with statutory sexual assault,[1]

1. 18 Pa.C.S.A. § 3122.1.

aggravated indecent assault[2] and indecent assault.[3] On May 27, 1997, he entered into a guilty plea agreement, wherein he agreed to plead guilty to statutory sexual assault, a second degree felony, in exchange for the dismissal of the aggravated indecent assault[4] and indecent assault charges. The court, by its Order of July 18, 1997, accepted the guilty plea agreement, however, on August 21, 1997, the trial court met with counsel and "expressed concern about the plea agreement" (Trial Court Opinion, Cleland, P.J., 1/29/98, at 3) and continued sentencing until September 18, 1997. At that time, the Commonwealth stated it would not accept a guilty plea to indecent assault, but that it would not object to a sentence of probation for the statutory sexual assault (Trial Court Opinion at 4). The trial court subsequently entered its October 31, 1997 Orders rejecting the May 27, 1997 plea agreement, and dismissing the statutory sexual assault and aggravated indecent assault charges as de minimis infractions under 18 Pa.C.S.A. § 312, **De minimis infractions**. This appeal followed.

■ ▪ The Commonwealth raises the following issue for our review:

Whether the trial court abused its discretion in dismissing the charges of statutory sexual assault, and aggravated indecent assault and in sua sponte rejecting the plea agreement.

The proper standard of review for evaluating the trial court's rejection of Przybyla's guilty plea and dismissal of the statutory sexual assault and aggravated indecent assault charges as de minimis infractions is whether the court abused its discretion. *Commonwealth v. Rosario*, 545 Pa. 4, 679 A.2d 756, 760 (1996); *see also Commonwealth v. Matty*, 422 Pa.Super. 595, 619 A.2d 1383 (Pa.Super.1993).

■ Pennsylvania Rule of Criminal Procedure 320 provides: "At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Our Supreme Court explained Rule 320 in *Rosario*, wherein it stated:

[A]bsent an abuse of discretion, a trial judge can order the withdrawal of a guilty plea any time prior to sentencing. The use of the disjunctive "or" clearly identifies two situations when the trial judge can withdraw a guilty plea: when requested by the defendant *or sua sponte without the defendant's request.*

*Id.* at 759 (emphasis added). As a result, it is clear that the trial court had the authority, absent an abuse of discretion, to sua sponte reject Przybyla's guilty plea prior to imposing sentence.

**De minimis infractions**, 18 Pa.C.S.A. § 312, provides in pertinent part:

(a) **General rule.**—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

. . .

■ Clearly, the trial did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]

Clearly, the trial court had the authority under section 312(a)(2) to dismiss charges brought if it found, absent an abuse of discretion, that the defendant Przybyla did not actually cause or threaten the harm sought to be prevented by the law, or did so only to an extent too trivial to warrant the condemnation of conviction.

Given that the trial court had proper authority to both sua sponte reject the guilty plea agreement and to dismiss the statutory sexual assault and aggravated indecent assault charges as de minimis infractions, we now consider the Commonwealth's assertion that the trial court's action in so doing constituted an abuse of discretion.

**2.** *Id.,* § 3125(8).

**3.** *Id.,* § 3126(a)(8).

**4.** The dismissal of the aggravated indecent assault charge would have removed appellee from the registration requirements of Megan's Law, 42 Pa.C.S.A. § 9793, **Registration of certain offenders for 10 years.**

The trial judge found the statutory sexual assault and aggravated indecent assault charges must be dismissed as de minimis infractions, because he found that Przybyla's conduct did not actually cause or threaten the harm sought to be prevented by the law, or did so to an extent to be too trivial to warrant the condemnation of a felony conviction (N.T., 9/18/97, at 3). The trial court stated he could not "believe that the legislature intended to brand for life with the scarlet letter of a felony sex conviction a teenager who engaged in consensual sex with another sexually experienced teenager under the facts of this case." (N.T. at 3.) The court further explained that he believed the legislature, by enacting the statutory rape and aggravated indecent assault statutes, was addressing the generalized harm caused when an older person uses his/her age to overwhelm a younger person to obtain a sexual benefit, a harm the judge found not to be present here (Trial Court Opinion at 5). Moreover, the trial judge stated his awareness of the seriousness of the problems associated with teenage sexual behavior, but that he could not "conceive the legislature intended to address these problems by imposing felony criminal liability, including Megan's Law sanctions, on one teenager who has consensual sex with another." (*Id.* at 6.) Finally, the judge opined that the legislature was likely targeting sexual predators, or pedophiles by the statutes, rather than the case of two teenagers having consensual intercourse (*id.*).

It is clear from the record the trial court was concerned that a felony sex conviction was too severe a consequence to impose upon a teenaged defendant who engaged in "consensual sex" with another teenager. As a result, the court found appellee neither caused the harm the law sought to avoid nor engaged in conduct sufficiently serious to warrant conviction, and dismissed the statutory sexual assault and aggravated indecent assault charges as de minimis under section 312(a)(2), at the same time rejecting the plea agreement.

We find it interesting to note that the indecent assault charge, the only misdemeanor offense with which appellee was charged, was not dismissed by the trial court as de minimis. The trial court dismissed only the felony charges of statutory sexual assault and aggravated indecent assault as de minimis and we are unaware of any Pennsylvania appellate court decision dismissing such charges under section 312. The trial court appeared to exercise the mercy powers, usually relegated to a jury in a reverse application of the de minimis statute, by dismissing felony charges while retaining a misdemeanor charge.

In *Commonwealth v. Moll*, 375 Pa.Super. 147, 543 A.2d 1221, 1226 (Pa.Super.1988), we stated that the purpose of section 312 is "to remove petty infractions from the reach of the criminal law." However, in *Commonwealth v. Matty*, 422 Pa.Super. 595, 619 A.2d 1383, 1387 (Pa.Super.1993), we rejected the contention that the theft of $32 worth of county maintenance services was de minimis because the legislature clearly envisioned theft of such an amount (less than $50) and incorporated it into the offense. *Id.* at 1387. Similarly, in *Commonwealth v. Moses*, 350 Pa.Super. 231, 504 A.2d 330 (Pa.Super.1986), we rejected the appellant's argument that his robbery of $.35 from a 10-year-old boy was a de minimis offense. Even though the amount seemed so trifling, the offense was defined by the legislature to include such an amount, and it could not be said that the defendant's conduct did not commit the harm the law sought to prevent. *Id.* at 332.

It is clear appellee's conduct in this case constituted statutory sexual assault and, therefore, caused the exact type of harm the statutory sexual assault statute sought to prevent. **Statutory sexual assault**, 18 Pa. C.S.A. § 3122.1, provides:

> Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other.

The elements of lack of consent and force are notably absent from this provision. This is because our legislature has responded to the

need in our society to prohibit adults and older teenagers from having sexual intercourse with children. under 16, regardless of whether the child consents.[5] Furthermore, if it can be established that force was involved, the appropriate charge becomes rape. 18 Pa.C.S.A. § 3121, **Rape;** *Commonwealth v. Smith,* 227 Pa.Super. 355, 324 A.2d 483 (Pa.Super.1974) (emphasis added).

The trial court's emphasis on the consensual nature of the intercourse is, therefore, misplaced. Neither the victim's initiation of the liaison with appellant nor her agreement to engage in sexual intercourse removed the appellee's conduct from the scope of statutory sexual assault thereby preventing the appellee from causing the harm the statutory sexual assault statute seeks to avoid. The appellee, more than four years older than the victim, engaged in sexual intercourse with a victim under 16 years of age. This is precisely the harm sought to be prevented by enactment of the Statutory Sexual Assault provision. As appellant's conduct is in direct and explicit violation of section 3122.1, this conduct cannot be categorized as trivial. The onus on preventing sexual contact delimited by the statute is upon the adult in the relationship because of the superior status, power and influence imputed to the adult. Likewise, the greater awareness of consequences, legal responsibility and ability to resist the temptation of the moment are borne by the more mature person.

A similar analysis yields the identical conclusion as to the dismissal of the aggravated indecent assault charge.

> Except as provided in section 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault, a felony of the second degree, if:

> (8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3125, **Aggravated indecent assault,** (8).

As with statutory sexual assault, the consent of the underage child is immaterial to the offense when, as here, appellee engaged in intercourse with the victim when he was at least four years older than her. Since appellee engaged in the conduct prohibited by the aggravated indecent assault statute,[6] he caused the exact harm the law seeks to prevent. Once again, criminal offenses, expressly prohibited by statute, cannot be characterized as trivial where they cause precisely the type of harm sought to be avoided by enactment of the statute. As a result, the aggravated indecent assault charge was not de minimis and should not have been dismissed under section 312(a)(2).

Because the statutory sexual assault and aggravated indecent assault charges were not de minimis, we find that the trial court abused its discretion in dismissing the two charges. To the extent that the trial court rejected the plea agreement based on the de minimis nature of the statutory sexual assault and aggravated indecent assault charges, we also find that the trial court abused its discretion in rejecting the plea agreement.

The obvious concern of the trial court to obviate what appeared to be a harsh result due to possible implication of felony convictions and overtones of Megan's Law as a result of the plea bargain is misplaced for a number of reasons. In the first instance, the plea agreement suggested by the Commonwealth and acceptable to appellee would have eliminated the aggravated indecent assault charge, thereby removing appellee from the registration requirements of Megan's Law. *See* footnote 4, *supra.* Secondly, since sen-

---

5. Persons under 14 are presumed legally incapable of giving consent.

6. We note that the aggravated indecent assault charge would have been dismissed under the May 27, 1997 plea agreement, had it been accepted by the trial court.

tencing is the prerogative and discretion of the trial judge, the harsh effects of the statutory sexual assault charge would be minimized by a carefully tailored sentence, probation being acceptable to the Commonwealth. Finally, irrespective of constructive plea bargaining and/or sentencing, it cannot be inferred that the legislature intended to permit trial judges to vitiate carefully designed felony charges with accompanying sanctions and redefine an absolution provision designed to resolve inconsequential matters. We cannot find that a well-founded felony charge can be disposed of as a de minimis infraction.

We vacate the Order of the trial court which dismissed the statutory sexual assault and aggravated indecent assault charges as well as the Order which rejected the plea agreement. All charges are reinstated and the case is remanded for trial or other proceedings consistent with this Opinion.

Jurisdiction relinquished.