J-S60016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CYNTHIA BAKER SPANGLER :
:
Appellant : No. 522 MDA 2018

Appeal from the Judgment of Sentence February 27, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-SA-0000004-2018

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 18, 2018**

Appellant Cynthia Baker Spangler appeals from the judgment of

sentence following a bench trial and her conviction for harassment.[1] Appellant

contends that the trial court should have dismissed the charge, and she also

challenges the sufficiency and weight of the evidence. We affirm.

We set forth the following as background.[2] Appellant and Megan Shirey,

the victim, are neighbors. Shirey testified about multiple incidents with

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709(a)(3).

[2] We glean the facts from the trial transcript. We have construed the facts in the light most favorable to the Commonwealth. *See Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (stating, "[w]hen reviewing a sufficiency claim the court is required to view the evidence in the light most

Appellant. R.R. at 8a.[3] The first such incident was in April of 2017, shortly after Shirey moved in next door to Appellant's home. *Id.* at 9a. Shirey arrived home and let her dog out into her yard. *Id.* Appellant's dogs barked continuously at Shirey's dog. *Id.*[4] Appellant came over to introduce herself to Shirey, "alluded" that their respective dogs were going to be problematic, and asked if Shirey knew when she would let her dog out. *Id.* Shirey replied that her dog would use her yard when she was home and hoped that Appellant's dogs would get used to Shirey's dog. *Id.* Appellant responded that she did not think so. *Id.* According to Shirey—who was then pregnant— Appellant said "it would be a shame if that baby couldn't sleep once it gets here." *Id.*

Shirey also recounted another incident, date unknown, in which Shirey was on her deck while her husband and dog were in the yard. *Id.* Shirey saw Appellant outside, who then "flipped [her] off from [Appellant's] deck." *Id.* Shirey stated that the source of tension between the two was because Shirey's dog "causes" Appellant's dogs to bark. *Id.* At some point, Shirey had made multiple complaints to the township about the noise from Appellant's dogs. *Id.*

---

favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." (citation omitted)).

[3] We cite to the reproduced record for the parties' convenience.

[4] Appellant testified she has five dogs. R.R. at 13a.

Shirey also testified about incidents that occurred on September 25, 2017, and on November 20, 2017. *Id.* at 7a-8a. In September, Shirey had taken her dog outside to the backyard of her home. *Id.* at 8a. Shirey's dog chose to lie down in the sun and Shirey flipped the dog back onto his feet. *Id.* According to Shirey, Appellant saw this from her porch, yelled that Shirey was abusing her dog, said she was going to call the police, and called Shirey "an asshole." *Id.* Shirey later contacted the police, who arrived and told Appellant not to speak with Shirey or enter Shirey's property. *Id.* at 6a (citation discussing the September 2017 incident).

On November 20, 2017, Shirey left work, picked up her then four-month-old son from daycare, and drove home. *Id.* at 7a. When Shirey arrived, she parked her car in the driveway, and went inside with her son. *Id.* She then opened their basement door and both she and the family dog went outside into the fenced backyard. *Id.* Within a minute of Shirey's walking outside, one of Appellant's dogs began barking, which, according to Shirey, was "typical." *Id.* Shirey's dog was not barking. *Id.* at 8a.

The barking prompted Shirey to reach into her pocket for her phone so she could video record the barking. *Id.* at 7a-8a. She explained that the township had advised her that she needed to provide a video of the barking before the township could cite anyone for violating a noise ordinance. *Id.* Upon realizing her phone was not in her pocket and was in her car, she exited

the backyard to proceed to her driveway, where her car was parked. *Id.* at 8a. Shirey saw Appellant on her driveway with her cell phone out. *Id.*

Shirey yelled at Appellant to leave her property and that she would contact the police because Appellant was violating the September police "stay away" order. *Id.* Appellant, according to Shirey, responded, "I know what you're doing little girl. We don't do that to our babies." *Id.* Appellant was also pointing her phone at the license plate area of Shirey's car. *Id.* Shirey repeatedly told Appellant to leave her property, and Appellant walked back to the road and continued to yell at Shirey. *Id.* Another neighbor witnessed the exchange and told Appellant to leave Shirey alone. *Id.* Shirey acknowledged there were no incidents between September and November. *Id.* at 10a.

On February 27, 2018, the court held a summary trial at which the above facts were presented. Appellant testified and, generally, denied that her dogs barked in the manner described by Shirey. *Id.* at 13a. Appellant countered that her actions in September of 2017 were motivated by a concern for Shirey's dog given the hot weather that day. *Id.* at 14a. Appellant also denied cursing Shirey. *Id.* With respect to the November 2017 incident, Appellant stated that she passed by Shirey's home to investigate what had caused Appellant's dogs to bark. *Id.* While Appellant was on Shirey's driveway, according to Appellant, Shirey exited her home to curse Appellant. *Id.* Appellant denied having any intent to harass Shirey. *Id.* at 15a.

The court found Appellant guilty of the above-mentioned crimes and reimposed the fines and costs previously imposed by the magisterial district judge. Appellant filed a post-sentence motion. Appellant's motion acknowledged that Pa.R.Crim.P. 720(d) bars filing a post-sentence motion when, as here, Appellant appealed from a summary conviction after a trial *de novo*. **See** Pa.R.Crim.P. 720(d); R.R. at 20a. Appellant's motion explained that out of an abundance of caution, she was raising a claim challenging the weight of the evidence. R.R. at 20a. Before the court ruled on Appellant's motion, Appellant filed a timely notice of appeal on March 28, 2018. On March 29, 2018, the court issued an order stating it could not rule on Appellant's post-sentence motion because she had filed an appeal. Order, 3/29/18.

Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.[5] The trial court filed a Rule 1925(a) opinion, which addressed Appellant's issues and held, among other things, that Appellant's weight claim lacked merit. Trial Ct. Op., 4/19/18, at 2 (holding that verdict did not shock the court's sense of justice because it found Appellant's testimony not credible).

Appellant raises the following issues in her brief:

---

[5] Appellant's Rule 1925(b) statement was not included in the certified record transmitted to this Court, but was part of the reproduced record. No party has challenged the statement's accuracy. **See generally** Pa.R.A.P. 1921 cmt. (stating, "where the accuracy of a pertinent document is undisputed, the Court could consider that document if it was in the Reproduced Record, even though it was not in the record that had been transmitted to the Court").

1. Whether the alleged conduct of [Appellant] should be dismissed for being *de minim*[*i*]*s*, as defined in 18 Pa.C.S.A. § 312, as it did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense and/or did so only to an extent too trivial to warrant the condemnation of conviction?

2. Whether the evidence presented was insufficient to support [Appellant's] conviction for 18 Pa.C.S.A. § 2709(a)(3) (Harassment – Course of Conduct) with respect to each element of the offense?

3. Whether the issue of the verdict being against the weight of the evidence can be first raised in a direct appeal to the Superior Court following a trial *de novo* because the Rules of Criminal Procedure state that there shall be no post-sentence motions in summary case appeals following a trial *de novo* in the court of common pleas, such that it would be procedurally impossible for [Appellant] to raise this issue at any other time?

4. Whether [Appellant's] conviction for 18 Pa.C.S.A. § 2709(a)(3) (Harassment – Course of Conduct) was against the weight of the evidence, was manifestly unreasonable, and was so contrary to the evidence as to shock one's sense of justice since certain facts were so clearly of greater weight that to ignore them or to give them equal weight with all the other facts is to deny justice including, but not limited to, the fact that the [victim's] testimony incontrovertibility [sic] established that [Appellant's] actions served a legitimate purpose.

Appellant's Brief at 6 (some capitalization omitted and issues reordered to facilitate disposition).

With respect to Appellant's first issue, she contends that the trial court abused its discretion by not dismissing the charge. *Id.* at 28. According to Appellant, in ***Commonwealth v. Houck***, 335 A.2d 389, 391 (Pa. Super. 1975), the Court affirmed the trial court's decision to dismiss a charge of harassment because it was *de minimis* under 18 Pa.C.S. § 312. *Id.* Appellant argues that the facts of ***Houck***, which we discuss below, are analogous to the

underlying facts, and thus, the trial court should have dismissed the charge against her. The Commonwealth countered that Appellant waived the issue by not raising it before the trial court. Commonwealth's Brief at 13-14.

The standard of review for evaluating whether a trial court dismissed charges properly under Section 312 is an abuse of discretion. **Commonwealth v. Przybyla**, 722 A.2d 183, 184 (Pa. Super. 1998). Section 312, in relevant part, follows:

> **(a) General rule.—**The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:
>
> (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
>
> (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>
> (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S. § 312(a).

In short, "the language of the statute requires the trial court to dismiss the prosecution on its own accord, upon a determination that the defendant's conduct involved *de minim*[*i*]*s* infractions." **Commonwealth v. Gemelli**, 474 A.2d 294, 300 (Pa. Super. 1984) (citation omitted). "[N]either the statute nor case law requires a defendant to preserve the issue of *de minim*[*i*]*s*

infractions by means of inclusion in an omnibus motion." *Id.* "An offense alleged to be *de minimis* in nature should not be dismissed where either harm to the victim or society in fact occurs." *Commonwealth v. Lutes*, 793 A.2d 949, 963 (Pa. Super. 2002) (citation omitted).

In *Houck*, cited by Appellant, the defendant and victim were friends for years. *Houck*, 335 A.2d at 391. Their friendship broke down, and the defendant was charged with harassing the victim by telephone and, during those calls, saying he was "lower than dirt" and "morally rotten." *Houck*, 335 A.2d at 390. The trial court dismissed the charge, reasoning the defendant's actions did not violate the then-existing harassment statute and even if they did, the actions were "too trivial to warrant a conviction." *Id.* Thus, the court dismissed the indictment under Section 312, and the Commonwealth appealed. *Id.* at 389-90. The *Houck* Court affirmed, albeit with little reasoning other than it agreed "with the propriety of the trial judge's action in dismissing the case." *Id.* at 391.

Turning to the merits, we initially disagree with the Commonwealth that Appellant waived the issue. *See generally Gemelli*, 474 A.2d at 300. Indeed, the *Gemelli* Court pointed out that the trial court should act of its own accord per the statute. *See id.* On the merits, unlike the facts in *Houck*, there were no telephone calls. *Cf. Houck*, 335 A.2d at 390. Rather, as set forth above, Appellant was physically present on Shirey's property and verbally harassing her, which harmed Shirey. *See Lutes*, 793 A.2d at 963.

Given this record, Appellant has not established that the trial court abused its discretion by not dismissing the charges as *de minimis*. ***See Przybyla***, 722 A.2d at 184.

We next address Appellant's sufficiency challenge to Section 2709(a)(3). Appellant contends the Commonwealth failed to establish all three elements. First, Appellant argues that the September and November incidents do not rise to the level of a "course of conduct." Appellant's Brief at 15. She acknowledges Shirey's testimony about several additional incidents, but maintains they were unrelated, trivial, and of little weight. ***Id.*** at 17 n.1. Second, Appellant asserts that her "name-calling" of Shirey should not be considered "lewd, lascivious, threatening or obscene words." ***Id.*** at 18 (quoting 18 Pa.C.S. § 2709(f)). She claims that the trial court's finding that she received multiple warnings is not supported by the record. ***Id.*** at 19. Third, Appellant argues her actions had legitimate purpose, which, as she had testified, were to inform Shirey that she was abusing her dog, a criminal offense. ***Id.*** at 20. As for the November 2017 incident, Appellant claims that she was legitimately concerned that Shirey had left her child in Shirey's car. ***Id.*** at 22.

The standard of review for a challenge to the sufficiency of evidence follows:

> A claim challenging the sufficiency of the evidence presents a question of law. We must determine whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt. We must view evidence in the light most

favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict.

*Commonwealth v. Arcelay*, 190 A.3d 609, 617 (Pa. Super. 2018) (citation omitted).

The Crimes Code defines harassment in pertinent part, as follows:

**(a) Offense defined.—**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

\* \* \*

(3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose[.]

\* \* \*

**(f) Definitions.—**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

\* \* \*

"Course of conduct." A pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct. The term includes lewd, lascivious, threatening or obscene words, language, drawings, caricatures or actions, either in person or anonymously. Acts indicating a course of conduct which occur in more than one jurisdiction may be used by any other jurisdiction in which an act occurred as evidence of a continuing pattern of conduct or a course of conduct.

18 Pa.C.S. § 2709(a)(3), (f). It is well-settled that the term "includes" is a term of enlargement, and not limitation, in construing statutory language.

*Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 963 (Pa. Super. 2011) (*per curiam*).

- 10 -

In *Commonwealth v. Tedesco*, 550 A.2d 796 (Pa. Super. 1988), this Court construed the term "course of conduct" as follows.

> [T]here must be evidence of a **repetition of** the offensive conduct. In interpreting the aforegoing, this Court, in *Commonwealth v. Schnabel*, 236 Pa. Super. 280, 344 A.2d 896 (1975), held that the Commonwealth failed to establish that appellant-lessor engaged in a "course of conduct" of harassment by the **single act** of cutting the complainant-lessee's water hose. In so doing, it is important to note that the *Schnabel* Court embraced the definition that course of conduct is more than an isolated verbal or physical act. It is a pattern of conduct composed of same or similar acts repeated over a period of time, however short, which establishes a continuity of purpose in the mind of the actor. Such definition undermines the [defendant's] contention that the reviewing court is precluded from examining the testimony elicited regarding matters that occurred prior to . . . the date of the complained of conduct.

*Id.* at 799-800 (emphases in original, some citations and internal quotation marks omitted).

After careful consideration of the parties' briefs, the record, and the trial court's opinion, we affirm on the basis of the trial court's reasoning. **See** Trial Ct. Op. at 3-4. Further, even assuming Appellant's name-calling did not fall within the category of "lewd, lascivious, threatening or obscene words," section 2709's use of the term "includes" means that it did not criminalize only threatening words. **See Braun**, 24 A.3d at 963. Section 2709(f) forbids threatening actions, as well, such as Appellant's. **See** 18 Pa.C.S. § 2709(f). Finally, it was for the court, as fact-finder, to determine whether Appellant's actions had a legitimate purpose, and the trial court did not find Appellant's testimony credible. **See** Trial Ct. Op. at 3-4. Having viewed the record in the

light most favorable to the Commonwealth, we perceive no error of law. *See*

*Arcelay*, 190 A.3d at 617.

Appellant lastly contends that her challenge to the weight of the

evidence was properly preserved for appellate review. Appellant's Brief at

13.[6] On the merits, Appellant challenges the trial court's categorization of her

testimony as inconsistent. *Id.* at 25. Appellant maintains that her testimony

corroborated her intent not to harass victim. *Id.* Appellant argues that

Shirey's testimony verifies that Appellant's statements were made out of

concern for the victim's dog and not to harass. *Id.* at 25-27.

With respect to a challenge to the weight of the evidence, we set forth

the following as background:

> Ordinarily, a challenge to the weight of the evidence is waived unless it is presented in the first instance to the trial court. Preservation of this type of claim normally takes the form of a post-sentence motion. However, a defendant convicted of a summary offense is precluded from filing any post-sentence motions. Thus, [the defendant] had no opportunity to preserve his weight of the evidence argument prior to filing his Statement of Matters Complained of on Appeal. It would be unjust to deprive [the defendant] of the right to raise this issue on the grounds that he failed to file a motion he was not entitled to file. . . . Because [the defendant's] challenge to the weight of the evidence has been considered in the first instance by the trial court, we decline to find waiver. . . .
>
> A true "weight of the evidence" claim contends the verdict is a product of speculation or conjecture. Such a claim requires a new trial only when the verdict is so contrary to the evidence as to

---

[6] The Commonwealth agrees with Appellant that she preserved her weight claim. Commonwealth's Brief at 7.

- 12 -

shock one's sense of justice. A decision regarding the weight of the evidence is within the sound discretion of the trial judge whose decision will not be reversed on appeal absent an abuse of that discretion.

*Commonwealth v. Dougherty*, 679 A.2d 779, 784-85 (Pa. Super. 1996) (citations omitted).

Initially, we agree with the trial court that Appellant preserved her challenge to the weight of the evidence. *See id.*; *accord* Trial Ct. Op. at 1. After careful review of the record, the parties' briefs, and the trial court's rationale, we discern no abuse of discretion by the trial court. *See* Trial Ct. Op. at 2; *Dougherty*, 679 A.2d at 784-85. The trial court noted that Appellant expressly disregarded a police instruction to stay off of Shirey's property. As set forth above, Appellant's statements to Shirey did not, in the trial court's view, support a concern about the victim's dog. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Shogan joins the memorandum.

Judge Strassburger concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2018