J-A17005-22
J-A17006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ROBEL | : | |
| | : | |
| Appellant | : | No. 2466 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 14, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0003414-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAREEM JOHNSON | : | |
| | : | |
| Appellant | : | No. 2470 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 14, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0003415-2019

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED NOVEMBER 22, 2022**

Appellants Michael Robel and Kareem Johnson appeal from the judgment of sentence following their convictions for failing to provide required financial information. Robel and Johnson argue their alleged criminal conduct constituted at most a *de minimis* infraction and therefore the charge should

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 1 -

have been dismissed. We consolidate these appeals pursuant to Pa.R.A.P. 513 and we vacate the judgment of sentence after finding that the omission was a *de minimis* violation of the applicable statute.

The essential facts of both cases are largely undisputed. Robel and Johnson were elected constables tasked with, among other duties, preserving peace at polling places. Robel was a constable for Northumberland County, while Johnson was a constable for Chester County. As a condition of holding these offices, both men were required to file an annual statement of financial interest documenting any source of income over $1300 they received while in office.

Perhaps most importantly to this case, in 2018, both men were employed as security officers by the company Raven Knights, LLC during the construction of the Mariner East Pipeline in Chester County but failed to list this fact in their statement of financial interest. As a result, the Chester County District Attorney's Office charged both men with accepting bribes,[1] official

---

[1] 18 Pa.C.S.A. § 4701(a)(3).

oppression,[2] conflict of interest,[3] accepting improper influence,[4] and failing to properly complete their statements of financial interest.[5]

At the conclusion of their jury trial, Robel and Johnson moved for judgment of acquittal. The trial court acquitted them of four of their five charges. The jury then convicted them of the only remaining charge against each, the failure to properly complete the statement of financial interest.

Initially, we note that Robel and Johnson were tried together as co-defendants in the trial court and petitioned for their appeals to be consolidated before this Court. Their petition was denied, but they were granted permission to argue together before this panel. Pa.R.A.P. 513 provides that we may, in our discretion, consolidate appeals. *See Always Busy Consulting, LLC v. Babford & Company, Inc.,* 247 A.3d 1033, 1042 (Pa. 2021). The issues raised and arguments made are substantially the same for each appellant. Based on this, we consolidate these appeals *sua sponte.*

Next, we analyze the timeliness of this appeal. Robel and Johnson argue that their post-sentence motions, which were electronically filed, were timely

---

[2] 18 Pa.C.S.A. § 5301(2).

[3] 18 Pa.C.S.A. § 1103(a).

[4] 18 Pa.C.S.A. § 1103(c).

[5] 18 Pa.C.S.A. § 1105(a).

under the circumstances and that their appeal was, in turn, also timely. We agree.

On October 14, 2021, both Robel and Johnson were sentenced to pay a $250.00 fine and court costs. They filed post-sentence motions electronically pursuant to Pa.R.Crim.P. 576.1, which allows a party to timely submit a filing electronically. Those motions were filed on October 25, 2021, the final day for timely filing. Counsel received an electronic mail confirmation of the submission of this filing. However, he then received additional electronic mail the following morning, on October 26, 2021, stating the filing had been rejected. The motions were administratively rejected by the trial court due to an issue with the electronic filing. Counsel claimed that the filing was rejected because the electronic "tag" on the document was incorrect, however, it was the only "tag" available for selection at the time of filing. Counsel re-filed the post-sentence motions that same morning with a different tag. Given these circumstances, we conclude the post-sentence motions were timely filed.[6]

_____

[6] "[W]hile the Prothonotary must inspect documents that are sent for filing to ensure they are in the proper form, the power to reject such documents is limited to notifying the proper party that the document is defective so that the defect may be corrected through amendment or addendum. To hold otherwise would be to confer on the Prothonotary the power to implement the Rules ... to determine, based upon criteria other than the date they are received, which [documents] are timely. Such a power is inconsistent with our supreme court's pronouncement that a document is filed when the Prothonotary receives it." ***Commonwealth v. Alaouie***, 837 A.2d 1190, 1192 (Pa. Super. 2003). Here, the Prothonotary promptly notified counsel of the technical issue, and counsel promptly corrected the filing.

And, as the post-sentence motions were denied on October 27, 2021, the notices of appeal were timely filed [7]

We now turn to the merits of these appeals. Robel and Johnson raise two issues for our review. First, they claim that if they committed an infraction under the relevant statute, it was not the type of behavior that the legislature intended to punish. Next, they argue that the evidence presented at trial was insufficient to establish beyond a reasonable doubt that they purposefully omitted information from their financial statements.

Johnson and Robel's first argument centers around the purpose and scope of the State Ethics Act. They argue that any violation of the Act they committed was *de minimis* in nature and we should therefore vacate their convictions. **See** Appellant's Brief at 18.[8] Johnson and Robel argue that the trial court misapplied the law and exercised manifestly unreasonable judgment in denying their motion for acquittal. **See id**. at 20.

When reviewing a trial court's decision regarding whether an action constitutes a *de minimis* infraction, we employ an abuse of discretion

---

[7] The thirtieth day was Friday, November 26, 2021, a court holiday. Therefore, pursuant to our Rules of Appellate Procedure, the appeal period ran to the next day the court was open for filing, Monday, November 29, 2021. **See** Pa.R.A.P. 107; 1 Pa.C.S.A. § 1908.

[8] As we noted in our discussion on consolidation, Robel and Johnson have filed separate appeals. However, their issues and arguments are identical. To simplify this memorandum, our citations refer to the documents filed in Robel's appeal at 2466 EDA 2021.

standard. *See Commonwealth v. Przybyla*, 722 A.2d 183, 184 (Pa. Super. 1998). We will find an abuse of discretion has occurred when a trial court has overridden or misapplied the law, or used manifestly unreasonable, biased or prejudiced judgment as reflected in the record. *See Commonwealth v. LeClai*r, 236 A.3d 71, 78 (Pa. Super. 2020). The legislature has codified the procedure for handling a *de minimis* infraction in 18 Pa.C.S.A. § 312(a) as follows:

> General rule.—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:
>
>> (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
>>
>> (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>>
>> (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a).

The legislature codified this power intending to allow trial courts to dismiss charges when they amount to petty infractions that have not harmed a victim or society. *See Commonwealth v. Stetler*, 95 A.3d 864, 892 (Pa. Super. 2014).

Robel and Johnson were found guilty of violating 65 Pa.C.S.A. § 1105(a), which required them to file a statement of financial interests form and to provide all requested information to the best of their "knowledge, information

and belief". The statute is part of the Public Official and Employee Ethics Act which seeks to provide guidelines for public officials to follow, specifically regarding their finances, to maintain transparency and public confidence in government. *See* 65 Pa.C.S.A. §§ 1101 - 1101.1. The statement of financial interests form requires disclosure of "any direct or indirect source of income totaling in the aggregate $1,300 or more". *See id*. at § 1105(b)(5).

Robel and Johnson were charged with failing to fully disclose the sources of their personal income for 2018. *See* N.T. 7/13/21, Vol. 2 of 3, at 196 and 203. Robel and Johnson both filed Statement of Financial Interest Forms for the calendar year 2018. *See id*. However, neither appellant disputes that they failed to disclose their income from Raven Knights on their initial 2018 statement of financial interest. *See* Appellant's Brief at 15. Robel did not disclose Raven Knights, Off Duty Services, and Northumberland County as sources of his income for the year. *See id*. at 13. Johnson did not disclose Raven Knights or Chester County as a source of income. *See* Johnson's Brief at 17.

The trial court found that Robel and Johnson caused harm under the Ethics Act by failing to "report several thousand dollars, over $36,000 as alleged, in outside income as a security guard." Trial Court Opinion, 1/24/2022, at 3. Specifically, the trial court reasoned that Robel and Johnson's failure to disclose their employment by Raven Knights harmed the "important goal of preserving public confidence in its public officials[.]" *See id.* at 4.

Johnson and Robel argue that their actions did not threaten the harm or evil the statute seeks to prevent. *See* Appellant's Brief at 21. They argue the statute's purpose is to provide guidance to public officials to prevent financial conflicts of interest. *See id*. Further, they note that the State Ethics Commission's guidelines allow for a period to rectify deficient filings once they are discovered. *See* 51 Pa. Code § 19.3.

Johnson and Robel highlight that they filed amended statements that disclosed their employment by Raven Knights after they were charged in this matter. *See* Appellant's Brief at 24-30; *See* N.T. 7/13/21, Vol. 2 of 3, at 196-99. The Executive Director of the State Ethics Commission testified that the statute is not intended to be punitive, and that, in certain situations, filers are notified of deficiencies in their forms and given time to rectify them. *See* N.T. 7/14/21 at 75-78. Neither Robel nor Johnson was notified of the deficiencies in their forms prior to being charged. *See id*. They argue that their efforts to amend their forms once charged further indicate the lack of their intent to cause harm. *See* Appellant's Brief at 24.

The Commonwealth argues on appeal that Robel and Johnson's actions do not constitute *de minimis* infractions because of the amount of compensation they received from Raven Knights. *See* Commonwealth's Brief at 8. However, the statement of financial interest form does not require filers to disclose the amount of income received, only the sources of income over $1,300. *See*, *e.g.*, Commonwealth's Exhibit C-32. This absence of any

requirement to report the amount of income undercuts the Commonwealth's argument that the amount of undisclosed income is sufficient, by itself, to justify a finding of actual harm.

Rather, we conclude that under the circumstances of this case, the Commonwealth was required to identify some reason why the undisclosed source of income could lead a reasonable citizen to question whether Robel and Johnson's performance of public duties was improperly influenced. We decline to opine on whether there exists an amount of income that is sufficient, by itself, to establish actual harm under the Ethics Act; we merely hold that the amounts at issue here are not so great as to obviate the need to identify a nexus between the undisclosed source and a defendant's public duties in order to defeat a claim that a violation of the Ethics Act was *de minimis*.

Neither the trial court nor the Commonwealth identify any such nexus. **See** Trial Court Opinion, 1/24/2022, at 4; Commonwealth's Brief at 12-13. Further, our review of the record reveals no evidence of such a nexus. Johnson and Robel's public duties did not involve any obvious authority, discretionary or otherwise, involving the pipeline or Raven Knights. Under these circumstances, we conclude the trial court abused its discretion in finding that the appellants caused actual harm to the public by failing to disclose their employment with Raven Knights in their initial filings.

To the extent the trial court's determination that there was harm caused by Robel and Johnson rests on the jury's guilty verdict, we conclude that

reasoning to be an abuse of discretion as well. The statute governing *de minimis* infractions is clear that it is the court's duty, not the jury's, to determine whether an infraction is to be deemed *de minimis*. **See** 18 Pa.C.S.A. § 312.

We do not reach the merits of Robel and Johnson's second issue on appeal, regarding the sufficiency of the evidence, as it is simply an alternative argument to the issue we have already resolved. Appeals consolidated. Convictions vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2022