J-S56012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE SPADA | : | |
| | : | |
| Appellant | : | No. 101 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 3, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000358-2015

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED DECEMBER 31, 2019**

Lawrence Spada appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas on December 3, 2018. After two days of hearings, the trial court found that Spada violated the terms of his probation. Subsequently, it resentenced Spada to twelve to twenty-four months of imprisonment. Additionally, Spada's court-appointed counsel seeks to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel permission to withdraw.

Spada's initial incarceration stemmed from his guilty plea to one count of terroristic threats, **see** 18 Pa.C.S.A. § 2706. For this offense, Spada was sentenced to eighteen to thirty-six months' incarceration to be followed by twenty-four months of probation. After serving his maximum term of incarceration, Spada was admitted to the Horsham Clinic in Montgomery

County, Pennsylvania, for mental health services. However, shortly after his admission and while still on probation, Spada assaulted another patient at the clinic. Faced with new criminal charges from this fracas, Spada pleaded guilty to the summary offense of harassment, *see* 18 Pa.C.S.A. § 2709, in exchange for a "time served" sentence.

After a two-day *Gagnon II*[1] hearing, wherein Spada admitted that he "lost it. [He] hit [the victim] like five or six times," N.T., 11/19/18, at 22, the trial court found that he had violated the terms of his probation, revoked it, and sentenced him to an additional term of incarceration. In support of its sentence, the trial court considered, among other things, the "assaultive behavior" of Spada's actions, the myriad time he spent in disciplinary segregation while incarcerated, and the minimal amount of time he had been successful while on probation. *See id*., 12/3/18, at 47-48. The trial court concluded its sentence was warranted because "Spada is an extremely dangerous individual." *Id*., at 49.

After sentencing, Spada filed a timely post-sentence motion, which the trial court denied. Immediately thereafter, Spada filed a timely notice of

_____

[1] Referencing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). "When a … probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made." *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000). At the hearings, Spada conceded that he pleaded guilty to harassment. *See* N.T., 11/19/18, at 9.

appeal to this Court. Moreover, both Spada and the trial court have complied with the dictates of Pa.R.A.P. 1925.

With the appeal now properly before us, we must first turn to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). In further illuminating the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

An **Anders** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"[I]f counsel's petition and brief satisfy Anders, we will then undertake our own review of the appeal to determine if it is wholly frivolous." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added) (citation omitted).

Counsel filed a petition to withdraw as counsel, certifying that he has "thoroughly reviewed the record … and the applicable law" and "believes that [Spada's] appeal is wholly frivolous." Petition to Withdraw as Counsel, ¶¶ 7-8. Further, counsel attached to his petition a copy of his letter to Spada, advising that he may retain new counsel, proceed *pro se*, or raise any points not raised by counsel in the **Anders** brief. **See id**., at ¶ 11. Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues Spada could utilize to support his appeal, and counsel's assessment as to why those issues are meritless, including citations to relevant legal authority.

Accordingly, counsel has complied with the requirements of **Anders** and **Santiago**. Spada has not responded to counsel's petition to withdraw as counsel. We proceed to review the issues identified in the **Anders** brief.

Spada raises two issues for our consideration:

1) Was sentencing Spada to total confinement upon revocation of his probation an error of law because: (1) Spada was not convicted of another crime as defined by 18 Pa.C.S.A. § 106; (2) the evidence was insufficient to demonstrate that Spada is likely to commit another crime if not imprisoned; and (3) the evidence was insufficient to prove that confinement is essential?

2) Did the trial court err in crafting his sentence where the sentence was: (1) manifestly unreasonable; (2) greater than required to protect the public, (3) not in proportion to the gravity of the underlying violation; and (4) not in consideration of Spada's rehabilitative needs?

*See* Appellant's Brief, at 3.

While Spada's first issue contends that his sentence following probation revocation was legally erroneous, it appears undisputed that revocation, itself, was warranted. "The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008) (citation omitted). "Conviction of a new crime is a sufficient basis for a court to revoke a sentence of probation." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) (citation omitted). At his first revocation hearing, Spada conceded that he had been convicted of a new crime. *See* N.T., 11/19/18, at 9. On this basis, the court revoked Spada's probation. *See id*., 12/3/18, at 43.

However, for the court to sentence an individual to "total confinement" upon revocation of probation, it would need to find that: 1) the defendant was convicted of another crime; 2) commission of another crime by the defendant is likely; or 3) total imprisonment is essential "to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c).

Here, the court found not only that Spada had been convicted of another crime, but also that he was likely to commit another crime or crimes in the future. **See** N.T., 12/3/18, at 46-49. Spada contends that a summary offense does not qualify as a crime. However, summary offenses are considered crimes so long as they can be punished by a sentence of incarceration. **See Commonwealth v. Matty**, 619 A.2d 1383, 1385-86 (Pa. Super. 1993). Therefore, because of Spada's admission to his harassment conviction, the court did not commit an error of law when it sentenced Spada to incarceration.

Furthermore, the court concluded that Spada was likely to commit more crimes if he remained at liberty. In coming to this conclusion, the court considered: 1) the nature of Spada's willful probation violation, occurring fewer than two months after his release from incarceration; 2) his extensive history of misconduct while incarcerated; 3) the character of his initial terroristic threats offense; and 4) his inability to properly address his mental health and substance issues. **See** N.T., 12/3/18, at 46-49. This reasoning is well supported by the record and is clearly reasonable.

Accordingly, as either rationale employed by the court is sufficient, we find no basis to conclude that the court somehow committed an error of law or abused its discretion when it sentenced Spada to incarceration in accordance with 42 Pa.C.S.A. § 9771(c).

Spada's second issue challenges the discretionary aspects of his sentence. To dispute the discretionary aspects of his sentence, Spada was

required to "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

> The concise statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates. Additionally, the statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. If the statement meets these requirements, we can decide whether a substantial question exists.

**Commonwealth v. Kiesel**, 854 A.2d 530, 532 (Pa.Super.2004) (internal quotations and citations omitted).

Spada's brief does not contain a 2119(f) statement. Therefore, Spada has failed to raise a substantial question. Ordinarily, this would result in waiver of the issue. However, in light of counsel's petition to withdraw, we address Spada's discretionary sentencing arguments. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (establishing that, in conjunction with a **Anders** brief, a defective 2119(f) statement is not inherently fatal), *citing* **Commonwealth v. Hernandez**, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that **Anders** "requires review of issues otherwise waived on appeal").

Spada contends, among other things, that his sentence was unreasonable. **See** Appellant's Brief, at 3. We disagree. "This Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Cartrette**, 88 A.3d at 1034. While imposing sentence

following revocation of probation, a court must disclose a statement of reasons for the sentence imposed. *See id.*, at 1041. This disclosure need not be a lengthy discourse, but must adequately reflect the court's consideration of the facts of the case and the defendant's character. *See Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). As always, the court must follow the general principle underlying sentencing in the Commonwealth: "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *See Cartrette*, 83 A.3d at 1040-41 (citation omitted).

Here, the court went into great detail explaining why it crafted the sentence the way that it did. *See* N.T., 11/19/18, at 46-49. The trial court read Spada's presentence report. *See id.*, at 48. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Furthermore, the court noted that Spada "has now been convicted 36 different times." N.T., 11/19/18, at 48. The court also observed that the probation violation involved "assaultive behavior within two months of his release from a state correctional institution." *Id.*, at 47. Based upon these statements, we conclude the court properly considered all the necessary

circumstances. Accordingly, we find there has been no error of law or abuse of discretion in the fashioning of Spada's sentence.

Having reviewed the issues raised in counsel's **Anders** brief, we agree with counsel for Spada that the within appeal is wholly frivolous.[2] As such, we affirm the judgment of sentence and grant counsel's motion to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/19

---

[2] We additionally note that our independent review of the record did not reveal any additional, non-frivolous issues that were overlooked by counsel.