504 A.2d 330

**COMMONWEALTH of Pennsylvania**

v.

**Linwood MOSES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Feb. 3, 1986.

232

Michael A. Jankowski, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before BROSKY, WATKINS and HOFFMAN, JJ.

BROSKY, Judge:

This appeal is from judgment of sentence imposed after a bench trial at which appellant was found guilty of third degree robbery, theft, and simple assault.

Appellant raises two issues for our determination: whether the evidence produced at trial was sufficient to sustain a verdict of guilty of the charge of robbery and whether the trial court erred in not finding that the conduct of the appellant was no more than a de minimis infraction under 18 Pa.C.S.A. § 312.[1] We have carefully reviewed the record and briefs submitted by counsel and find no merit in either of appellant's issues.

On April 4, 1983 appellant robbed a ten year old boy of his candy money in a north Philadelphia grocery store. Appellant was arrested after being confronted by the boy's grandfather, and admitted punching the boy and taking his money. He was tried, found guilty, and sentenced to one and one-half to three years imprisonment for robbery.

Appellant asserts the evidence adduced at trial was insufficient to sustain a verdict of guilty to the charge of robbery. We disagree. "An aggressive act intended to place the victim in fear that he was in danger of immediate physical harm was sufficient to elevate an attempted theft to robbery ..." *Commonwealth v. Leatherbury*, 326 Pa. Super. 179, 184, 473 A.2d 1040, 1042 (1984). Instantly, the victim, a young boy, refused to "loan" his money to appellant. Whereupon, the appellant punched the boy and the boy then gave his money to appellant. We find the Commonwealth met its burden of showing sufficient evidence to prove the elements of robbery.

> In considering a challenge to the sufficiency of the evidence, we must view the record in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the factfinder could properly have based its verdict.

*Commonwealth v. Thornton*, 494 Pa. 164, 167, 430 A.2d 1168, 1169 (1981).

1. Appellant does not contend that the sentence imposed on him was excessive due to the minimal amount of the proceeds of the crime. As a consequence, our opinion does not, (as it *must* not), treat that issue.

Appellant also contends that his conduct amounted to no more than a de minimis infraction under 18 Pa.C.S.A. § 312.[2] This section allows the trial court to dismiss conduct that is "within a customary license" or that "did not actually cause or threaten the harm or evil sought to be prevented by the law ..." Appellant's conduct, specifically the robbing of a ten year old child, cannot be shrugged off as a de minimis infraction.

Appellant proposes that the application of § 312 rests solely on the monetary consequences of his conduct. We do not accept such a narrow construction of this section. At first glance, thirty-five cents may seem a trifling amount to support a robbery conviction. However, the economic success of criminal activity is not the sole criterion of its criminality.

Instantly, a child was the victim of the robbery. To hold that a child's possessions are less important when establishing the existence of a crime would reduce children to second class citizenship. No child selling or delivering newspapers would be secure if we were to relegate the incident which happened here to a de minimis slap on the wrist characterization. This Commonwealth will protect a child and his meager possessions with the same vigilance that it protects an adult with great wealth.[3]

2. The statute reads, in relevant part:

   **§ 312. De minimis infractions**

   **(a) General rule.**—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant: .

   (1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

   (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

   (3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

3. Indeed, had an adult been placed in fear, and thus gave up thirty-five cents, the same conclusion would apply.

■ We believe the legislature enacted 18 Pa.C.S.A. § 312 to apply to situations in which there was no harm done to either the victim or society. Therefore, it is incumbent upon the trial court not to dismiss criminal conduct that is injurious to the victim or to society.

■ In the case before us, society certainly suffered a harm by virtue of this violent act and, without doubt, society would not be benefited by allowing appellant to escape justice because his criminal conduct netted him only thirty-five cents. Society has the right to see criminal behavior stopped and punished. Failure to allow society its vindication would pervert our criminal justice system, lead to a decline in personal security and quality of life for us all. Further, that a harm, emotional as well as economic, was inflicted on the victim is, we think, obvious.

We find the holding of the trial court accurately reflects a proper application of 18 Pa.C.S.A. § 312.

Judgment of sentence affirmed.