510 A.2d 1389

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Anthony JACKSON.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Percy FAVORS.**

Superior Court of Pennsylvania.

Argued Jan. 29, 1986.

Filed May 27, 1986.

Reargument Denied July 7, 1986.

Edward J. Borkowski, Assistant District Attorney, Pittsburgh, for Com., appellant.

Norma Chase, Pittsburgh, for Jackson, appellee.

Paulette J. Balough, Assistant Public Defender, Pittsburgh, for Favors, appellee.

Before CIRILLO, President Judge, and DEL SOLE and BECK, JJ.

DEL SOLE, Judge:

The Appellees in this case were each charged on August 14, 1984, with one count of riot and one count of failure of disorderly persons to disperse upon official order. The charges against the Appellees, who are prison inmates, result from their involvement in the obstruction of a prison guard's attempt to lock up another inmate who had stabbed an officer in the dining hall of the State Correctional Institution in Pittsburgh. On November 27, 1984, each Appellee made an oral motion to dismiss on the grounds

that the charges were *de minimis*, which was granted by the trial court. The Commonwealth appeals from this Order.

At the hearing on Appellees' pre-trial motions to dismiss, the trial judge asked the Assistant District Attorney to describe what the case was about. The following exchange took place:

MS. ANGELL: [Assistant District Attorney] Your Honor, it was in the dining room during dinnertime. There was an assault by a prisoner.

THE COURT: Not one of these two individuals?

MS. ANGELL: No. When the officer ordered that the prisoner be taken from the cafeteria and taken into custody, Mr. Jackson then stood up and screamed. He stood up and screamed: Let's block the aisle. It was at that time that 30 people gathered around him. They blocked the guard from leaving. Mr. Favors then got up and blocked the guard from the other way. There were approximately 60 or 70 prisoners there at that time. It was not one to one or anything like that.

THE COURT: All right. Is that about all there was to it?

MS. ANGELL: Yes.

THE COURT: And if the Commonwealth proves their case, is that what their case is going to be?

MS. ANGELL: Yes.

THE COURT: The motions are granted.

The legislature has provided that a trial judge may exercise discretion to dismiss a case as *de minimis* under certain conditions. The statute provides:

(a) General Rule—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negative by the person whose interest was

infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

(b)–The court shall not dismiss a prosecution under this section without filing a written statement of its reasons, except that if the attorney for the Commonwealth is the moving party for such dismissal no such written statement need be filed.

18 Pa.C.S.A. § 312.

The trial judge in this case stated that he felt compelled to dismiss the charges against the Appellees in the interests of justice. He cited the facts that both the Appellees were already serving prison terms, had been dealt with administratively by the prison authorities and that the cost of a jury trial would be substantial especially in the light of the increased security measures which would be required. The trial judge found that the Appellees' conduct did not justify the expense of a trial in light of the facts that the guards' paths were only temporarily blocked and that the Commonwealth did not intend to present evidence that the Appellees' acts led to violence.

We believe that the trial judge acted within his discretionary powers in the interests of judicial economy in this case. We find no abuse of discretion and we affirm the Order of the trial court.

Order affirmed.

CIRILLO, President Judge, files a dissenting opinion.

CIRILLO, President Judge, dissenting:

I respectfully dissent. The actions taken by appellees in surrounding, obstructing, and interfering with the correc-

tional officer as he attempted to discharge his duties clearly fall within the scope of the charges filed against appellees.[1] The appellees' obvious culpability notwithstanding, the majority has determined that these charges were properly dismissed under 18 Pa.C.S.A. § 312 as being *de minimis*. I cannot agree.

The trial court and the majority cite four bases for finding a proper dismissal of the charges: (1) appellees were already serving prison terms; (2) appellees had already been dealt with by prison officials; (3) the costs of trial would be too high; and (4) the actions did not result in violence. It is my view that considering the attendant circumstances, these factors are insufficient to justify a dismissal of the charges under any provision of Section 312.

The fact that appellees are serving sentences on other convictions does not detract from either the danger presented by allowing inmates to take part in such disturbances or the need to discourage such action. Conviction for previous crimes does not fall within any of the three provisions of Section 312 as a circumstance which permits dismissal of current charges.

The fact that appellees have been dealt with by prison administrators likewise is not a basis under Section 312 for a determination that those charges did not warrant prosecution. Nor can the cost of a trial justify the dismissal of the charges. The cost of trial has nothing to do with the nature

1. Appellees were charged under:
   (a) 18 Pa.C.S.A. § 5501(2) Riot:
   A person is guilty of riot, a felony of the third degree, if he participates with two or more others in a course of conduct:
   (1) ....
   (2) With the intent to prevent or coerce official action
   ....
   (b) 18 Pa.C.S.A. § 5502 failure of disorderly persons to disperse upon official order:
   Where three or more persons are participating in a course of disorderly conduct which causes or may reasonably be expected to cause substantial harm or serious inconvenience, annoyance or alarm, a peace officer or other public servant engaged in executing or enforcing the law may order the participants and others in the area to disperse. A person who refuses or knowingly fails to obey such an order commits a misdemeanor in the second degree.

of the defendants' conduct and does not warrant dismissal under subsection (1) and (2), nor is it an extenuating circumstance within the intended scope of subsection (3).

The fact that appellees' actions fell short of any violent results is the least meritorious ground advanced by the majority to support dismissal of the charges as *de minimis.* First, these charges alone do not require any evidence of violence to sustain a conviction. More important, however, is the fact that it is precisely this potential outbreak of violence, stemming from such disorderly conduct, that we must seek to discourage by prosecuting those involved.

While an offense of similar character may perhaps be dismissed in another setting, the nature of the correctional institution and the present and potential danger posed by appellees' actions dictate that these charges not be dismissed as *de minimis.* Whatever marginal costs are involved in prosecuting such violations, they are more than outweighed by our Commonwealth's interest in maintaining law and order within the prison system.

For the foregoing reasons I submit that the charges against appellees were improperly dismissed as *de minimis.*