619 A.2d 1383

COMMONWEALTH of Pennsylvania

v.

Kenneth MATTY, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 17, 1992.

Decided Feb. 9, 1993.

596

Joseph M. Fioravanti, Media, for appellant.

Dennis McAndrews, Asst. Dist. Atty., Media, for Commonwealth, appellee.

Before OLSZEWSKI, KELLY and HOFFMAN, JJ.

## OPINION

OLSZEWSKI, Judge:

Kenneth Matty appeals from the judgment of sentence imposed on a guilty verdict for theft of services and criminal solicitation to commit theft of services in the Court of Common Pleas of Delaware County on May 26, 1992. Three issues are presented for our review: (1) whether there was sufficient evidence to sustain Matty's conviction for theft and solicitation to commit theft of services; (2) whether Matty may be legally convicted of solicitation to commit a summary theft offense; and, (3) whether Matty was properly convicted of solicitation to commit theft of services when he was not charged with this particular solicitation offense. After lengthy deliberation, we find that the trial court did not err in its disposition of these issues and affirm the judgment of sentence.

Matty was charged on September 19, 1991, with eight counts of theft by unlawful taking or disposition, eight counts of receiving stolen property, six counts charging theft of services, six counts of criminal solicitation, and six counts of violating the Pennsylvania Ethics Act. These charges arose out of allegations that Matty had misappropriated county labor, materials and other items for his own benefit. As Warden of Delaware County Prison, Matty was responsible for the supervision of all prison employees. The Commonwealth charged that Matty had improperly used prison personnel and materials to make substantial improvements to his property, and the property of others. Following a trial before the Honorable R. Barclay Surrick, the jury found Matty guilty of the summary offense of theft of services in the amount of $32. 18 Pa.C.S.A. § 3926. Relating to this offense, Matty was also convicted of criminal solicitation, in violation of 18 Pa.C.S.A. § 902. Post-trial motions were filed and denied. Matty was sentenced to pay $32 in restitution; no further punishment was imposed. Matty was thereafter permanently suspended from his position as warden.

Matty's first contention of error is that the evidence was insufficient to support the charge that Matty intentionally

obtained the labor and services of a Delaware County Prison employee, George Piasecki, "by deception or threat, or by false token or other trick or artifice to avoid payment for these services." Bill of Information 7067(B). We disagree.

The test for sufficiency of the evidence is well established. Viewing all of the evidence in the light most favorable to the Commonwealth as verdict winner, the record facts must contain sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Edwards*, 521 Pa. 134, 555 A.2d 818 (1989) (and authorities cited therein).

The evidence adduced at trial reveals that on June 6, 1991, Matty and Piasecki went to the house of Jean Gullo, the mother of Matty's secretary, to install a ceiling fan. The two remained there from approximately 8:30 a.m. until 11:30 a.m. during the prison workday. Matty assured Piasecki that he would be "taken care of" for the work performed. Piasecki was paid $32 by the county for the hours performed at Gullo's home.

Matty argues that the trial court erroneously concluded that he intended to commit theft of services merely because he told Piasecki he would be compensated. Specifically, he urges that the Commonwealth failed to offer the necessary proof that he approved and authorized Piasecki's timecard which indicated that Piasecki had worked at the prison during the hours in question. Matty also asserts that he did not know that Piasecki was compensated on the payroll and that he intended to "compensate" Piasecki himself. Thus, Matty concludes that the evidence was legally insufficient to sustain a guilty verdict for the summary offense of theft of services and solicitation to commit this offense.

Mindful of our standard of review, we are convinced that a reasonable jury could have found that Matty intended to commit theft of services and solicitation to commit theft of services. As did the trial court, we find that the evidence viewed in the light most favorable to the Commonwealth sufficiently proved the elements of the crimes charged. Section 3926 provides in pertinent part:

*Diversion of Services*—A person is guilty of theft if, having control over the disposition of services to others to which he is not entitled, he knowingly directs such services to his own benefit or to the benefit of another not entitled thereto.

18 Pa.C.S.A. § 3926(b). The offense of solicitation is defined as follows:

A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would establish his complicity in its commission or attempted commission.

18 Pa.C.S.A. § 902(a). The trial court found that Matty clearly had control over the disposition of services rendered by Piasecki. Matty diverted those services for the benefit of Gullo, who was not entitled to receive them. (Reproduced Record, at 80A.) The Commonwealth proved that Matty knew the services were being diverted because the Commonwealth established that Matty was with Piasecki on the morning in question and knew that Piasecki was scheduled to work at the prison during those hours. (Reproduced Record, at 81A.) Testimony also demonstrated that Matty reviewed the time cards and approved the prison payroll. (N.T., 1/9/92, at 222–227.) Lastly, the trial court concluded the evidence established that Matty requested that Piasecki engage in this conduct. (Reproduced Record, at 366A.) *See,* trial court opinion at 7. Our review of the record is in accord with the trial court's findings. Accordingly, we affirm the trial court's holding that the evidence was sufficient to support Matty's convictions.

■ Matty's second allegation of error urges that he was convicted of an offense which does not exist under the Pennsylvania Crimes Code. Matty alleges that he cannot be convicted of solicitation to commit theft of services in an amount less than $50 because such a theft is a summary offense rather than a crime.[1] The offense of solicitation by

1. Section 3926(c)(1) of the Pennsylvania Crimes Code provides in relevant part:

definition requires that a "crime" has been attempted or committed. 18 Pa.C.S.A. § 902. Matty's argument is predicated on his assertion that summary offenses are not included in the definition of "crimes" as set forth in 18 Pa.C.S.A. § 106.[2] Section 106(a) sets forth the seven classes of crimes ranging from murder to misdemeanor in the third degree. "Summary offense" is defined separately in § 106(c).

Our Courts have considered and rejected Matty's argument. *James K. Lewis v. Commonwealth,* 74 Pa.Commwlth. 335, 459 A.2d 1339 (1983). In *Lewis,* appellant argued that he could not be convicted as a parole violator because his conviction for a summary offense did not amount to a conviction for a crime. Appellant asserted the same argument as Matty, that because the legislature did not list "summary offenses" under the classes of crimes generally enumerated in § 106(a) and (b) of the Crimes Code, but defined them separately in § 106(c), the legislature did not intend for summary offenses to be crimes. *Id.* at 337, 459 A.2d at 1341. The *Lewis* Court rejected these arguments noting that § 106(a) states, "an offense ... for which a sentence of death or imprisonment is authorized constitutes a crime." Because imprisonment is authorized under § 106(c) for a summary offense, the Court concluded

(1) An offense under this section constitutes a summary offense when the value of the services obtained or diverted is less than $50.00.

**2. Classes of Offenses**

(a) **General rule.**—An offense defined by this title for which a sentence of death or of imprisonment is authorized constitutes a crime. The classes of crime are:

(1) Murder of the first degree or of the second degree.
(2) Felony of the first degree.
(3) Felony of the second degree.
(4) Felony of the third degree.
(5) Misdemeanor of the first degree.
(6) Misdemeanor of the second degree.
(7) Misdemeanor of the third degree.

\* \* \* \* \* \*

(c) **Summary offenses.**—An offense defined by this title constitutes a summary offense if:

(1) it is so designated in this title, or in a statute other than this title; or
(2) if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than 90 days.

that the commission of a summary offense constitutes a crime under the Crimes Code. *Id.* (citing *Interest of Golden,* 243 Pa.Super. 267, 365 A.2d 157 (1976)); *see also Commonwealth v. Trunzo,* 404 Pa.Super. 15, 589 A.2d 1147 (1991) ("summary offense" is considered a "crime" for which punishment of imprisonment, fine and/or probation attaches). We are obliged to follow the prevailing authority of this jurisdiction, and thus find that Matty's conviction for solicitation to commit a summary offense was proper.

In his third allegation of error, Matty argues he was improperly convicted of solicitation to commit theft of services because he was not charged with this crime. The bills of information charged Matty with solicitation to commit theft by unlawful taking, and solicitation to commit theft by receiving stolen property. The information did not charge Matty with solicitation to commit theft of services. The essence of Matty's argument in this regard is that he was defending the crimes charged in the information, not the crime for which he was convicted. He concludes that the substantial variance between the information and the evidence presented at trial warrants reversal of his sentence. Appellant's brief, at 22.

We find that Matty waived this issue regarding the legality of his conviction for solicitation when he failed to object to the court's instructions to the jury on the elements of the offense. Rule 1119(b) provides that "[n]o portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P., Rule 1119, 42 Pa.C.S.A. The present jury was charged on the elements of the offense of theft of services, and was instructed to find Matty guilty of solicitation if it found him guilty of theft.[3] (N.T., 1/13/92 at 6–7, 24–27, 29–30.) Further, the jury was provided with verdict slips which included this offense. As the Commonwealth noted, Matty never objected to the court's instruction or the verdict slips. Conversely, defense counsel specifically agreed that it was not necessary for the verdict slip to divide the solicitation

---

3. The charge on solicitation simply referred to "theft" without delineating between the different types of theft for which Matty was charged.

charge into the various theft offenses allegedly committed by Matty. (N.T., 1/13/92, at 6–7.) Matty's failure to contemporaneously object to the jury instructions or the verdict slip, therefore, operates as a waiver. *Commonwealth v. Fuller,* 396 Pa.Super. 605, 579 A.2d 879 (1990) (alleged errors in jury instruction waived by failure to raise objection prior to jury's retiring for deliberation); *Commonwealth v. Troning Anthony Lewis,* 407 Pa.Super. 186, 595 A.2d 593 (1991).

■ Assuming for the purposes of argument that Matty's claims were not waived, we would still find his argument to be without merit. Section 3902 of the Crimes Code consolidates the various theft offenses defined in Chapter 29 into a unitary theft offense. Section 3902 provides:

Conduct denominated theft in this chapter constitutes a single offense. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under the chapter notwithstanding the specification of a different manner in the complaint of indictment, subject only to the power of the court to ensure fair trial by granting a continuance or other appropriate relief where the conduct of the defense would be prejudiced by lack of notice or surprise.

18 Pa.C.S.A. § 3902. The purpose of § 3902 is to reduce the opportunity for technical defenses based upon legal distinctions between thefts of various kinds. *Commonwealth v. Martin,* 395 Pa.Super. 244, 577 A.2d 200 (1990). Thus, an accusation of theft may be supported by evidence that it was committed in any manner that would be theft under the Crimes Code, notwithstanding the specification of a different manner in the complaint or indictment. *Commonwealth v. James Lewis,* 299 Pa.Super. 367, 445 A.2d 798 (1982). This is true as long as defendant has an opportunity to respond, and is not prejudiced by lack of notice or surprise. *Martin,* 395 Pa.Super. at 247, 577 A.2d at 202.

Here, the evidence was insufficient to prove theft by unlawful taking or theft by receiving stolen property, however, the evidence did establish that Matty committed theft of services. Thus, the Commonwealth established that Matty had the

thieving state of mind necessary to support the solicitation charge. Moreover, the operation of § 3902 did not deprive Matty of a fair trial since he was aware that he had been charged with solicitation to commit theft, and had an opportunity to respond to the charge of theft of services. Accordingly, we find that it was not error to convict Matty of solicitation to commit theft of services in addition to the conviction for theft of services.

■ We are not unmindful of the lenient sentence imposed by the trial judge in this case. Recognizing that Matty had already suffered the loss of his job and good reputation, the trial judge only directed that Matty pay $32 in restitution and declined to impose a fine or prison sentence. The judge also noted that the jury acquitted Matty of over thirty counts of serious criminal conduct, resting its verdict on a single incident of misconduct: the installation of a fan for the mother of an employee. In the absence of more serious charges, such an offense would have been handled at the magisterial level. Under the circumstances, we feel obliged to explore the question of whether or not this case falls within the principles of the *de minimis* infraction provision of the Crimes Code.

The Pennsylvania Legislature has bestowed upon our courts the discretion to remove culpable conduct from criminal liability in certain situations. The statute provides:

(a) General Rule—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction;  or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312.

In *Commonwealth v. Moll,* 375 Pa.Super. 147, 156, 543 A.2d 1221, 1226 (1988), we stated that the purpose of § 312 is "to remove petty infractions from the reach of the criminal law." Moll was arrested and charged with criminal mischief after he cut a hole in a drain pipe which had been installed by the county borough. Moll's purpose in cutting the hole was to avoid flood damage to his property (this did, in fact, alleviate the problem). Our Court found that Moll lacked the criminal culpability required for conviction of criminal mischief. Moreover, evidence at trial indicated that the hole was not large enough to cause damage to the county's system. Thus, we concluded that Moll had not caused the harm or evil sought to be prevented by the law and dismissed the prosecution as a *de minimis* infraction pursuant to § 312.

Here, Matty's conduct was clearly in violation of § 3926(b) since he was in control of the disposition of county maintenance services and he directed $32 worth of those services to someone not entitled to them. The theft of such an amount, although seemingly *de minimis,* was clearly envisaged by the legislature to be incorporated into this offense:

(1) An offense under this section constitutes a summary offense when the **value of the services obtained or diverted is less than $50.00.**

18 Pa.C.S.A. § 3926(c)(1) (emphasis added). Moreover, in *Commonwealth v. Moses,* 350 Pa.Super. 231, 504 A.2d 330 (1986), we rejected the argument that the application of § 312 may rest solely on the monetary consequences of a defendant's conduct. Moses was convicted for robbing a 10–year–old boy of his candy money ($.35); however, he alleged that his conduct amounted to no more than a *de minimis* infraction under § 312. Our Court held that while "thirty-five cents may seem a trifling amount to support a robbery conviction . . . the economic success of criminal activity is not the sole criterion of its criminality." *Moses,* 350 Pa.Super. at 234, 504 A.2d at

332.[4] Accordingly, Matty's conviction cannot be said to be inconsistent with the purpose of the law defining the offense. Having found the *de minimis* statute inapplicable, we will not reverse the conviction and substitute our judgment for that of the jury.

For the reasons set forth above, the judgment of sentence imposed by the Court of Common Pleas of Delaware County must be affirmed.

Dissenting Statement by KELLY, J.

KELLY, Judge, dissenting:

Because I find that appellant committed no more than a *de minimis* infraction, 18 Pa.C.S.A. § 312, I dissent.[1] Section 312(a)(2) is a legislative grant of authority to the courts to exercise discretion and spare a transgressor from the "condemnation of conviction." 18 Pa.C.S.A. § 312(a)(2). *See also Commonwealth v. Moses*, 350 Pa.Super. 231, 235, 504 A.2d 330, 332 (1986) (statute applies where "there is no harm to either the victim or society"). Moreover, if another area of the law effectively dispels the need for conviction, the prosecution should be dismissed as unnecessary. *See Commonwealth v. Jackson*, 354 Pa.Super. 27, 30, 510 A.2d 1389, 1391 (1986) (prisoners appropriately "dealt with administratively by the prison authorities"); *cf. Commonwealth v. Gemelli*, 326 Pa.Super. 388, 400–01, 474 A.2d 294, 301 (1984) (dismissal as *de*

---

4. Noting that § 312 applies to situations in which there was no harm done to society, we concluded that "it is incumbent upon the trial judge not to dismiss criminal conduct that is injurious to the victim or society." *Moses*, 350 Pa.Super. at 235, 504 A.2d at 332.

1. *See Commonwealth v. Kirkwood*, 360 Pa.Super. 270, 276 n. 1, 520 A.2d 451, 454 n. 1 (1987) (Cavanaugh, J., concurring) ("Although appellant did not argue dismissal on this basis before the lower court, dismissal for a *de minimis* infraction should be granted *sua sponte* where the circumstances warrant."); Martin H. Belsky, Joseph Dougherty and Steven H. Goldblatt, *Three Prosecutors Look At the New Pennsylvania Crimes Code*, 12 Duquesne L.Rev. 793, 807 (1974) ("Section 312 gives the judiciary power to dismiss any prosecution at any stage or for any crime.").

*minimis* was especially inappropriate because appellee waived the issue of whether Escheat law applied).[2]

In the instant case, appellant was convicted for utilizing the assistance of a county employee to help him install a ceiling fan in the home of a friend during working hours. Appellant was also removed from his position as a warden and remained unemployed.[3] Although appellant may have undermined principles of the workplace, the extent to which he violated the crimes code was so minor that he should be spared the condemnation of conviction. Moreover, even before he was prosecuted, appellant was punished by forces other than the criminal law to the degree necessary to deter him from repeating the minor transgression. Therefore the prosecution and subsequent conviction furthered no legitimate criminal law purpose, but only served to condemn appellant. Because section 312 was enacted for precisely this type of case, I would vacate judgment of sentence. Hence, I dissent.

---

2. While I recognize that appellant's conduct was the type that the legislature sought to prevent, *see* 18 Pa.C.S.A. § 3926(b), "an inquiry under § 312(a)(2) cannot end with this conclusion." *Commonwealth v. Eliason*, 353 Pa.Super. 321, 329, 509 A.2d 1296, 1300 (1986), *allocatur denied*, 517 Pa. 592, 535 A.2d 81 (1987) (Brosky, J., dissenting). Pursuant to section 312, we must still determine whether appellant's transgressions were so minor that the condemnation of conviction was warranted. *Id.*

Likewise, while a robbery of thirty-five cents may not be considered *de minimis* due to the circumstances of the crime (beyond the amount of money stolen), *see Commonwealth v. Moses*, 350 Pa.Super. 231, 504 A.2d 330 (1986), a theft of thirty-two dollars worth of services may be a *de minimis* infraction due to the circumstances of this case. *See Commonwealth v. Eliason, supra* (Brosky, J., dissenting) ("The application of § 312 must inherently turn on the offense involved in and the circumstances of each particular case. Other cases are of little value in resolving a § 312 question.").

3. Appellant testified that he was suspended without pay in September and was still unemployed at the time of trial in January. *See* N.T. January 10, 1992 at 506.