J-A02036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HELEN C. L. JORDAN | : | |
| | : | |
| Appellant | : | No. 252 WDA 2022 |

Appeal from the Judgment of Sentence Entered January 24, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009060-2020

BEFORE:    BOWES, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                **FILED:  February 17, 2023**

Helen C. L. Jordan (Appellant) appeals from the judgment of sentence imposed after the trial court convicted her of harassment.[1]  Upon review, we affirm.

The trial court described the facts presented at trial as follows:

Allegheny County police officers Bryan Urbanec and Robert Babcock testified that on November 23, 2020 around 8:30 p.m., they responded to a dispatch call to a residence in the Borough of Wilmerding.  Audio and video recordings captured on the police dash camera were also played at trial.  Through this evidence it was established that Officer Urbanec encountered the complainant and owner of the residence, Candycia Adewole [Ms. Adewole].  Ms. Adewole is Appellant's sister.  Ms. Adewole told Officer Urbanec that it was her birthday and that earlier in the evening, she and Appellant were at a local bar celebrating.  However, Appellant was removed from the event due to her level of intoxication.  Ms.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2709(a)(1).

Adewole then drove Appellant back to [Ms. Adewole's] home in Wilmerding, during which time [Ms. Adewole] complained that Appellant struck her about the face. At some point after, Ms. Adewole told Appellant to leave her residence, and after she refused, Ms. Adewole called the police. Both Officer[s] Urbanec and Babcock entered the residence and encountered Appellant sitting in the kitchen dinette area smoking a marijuana cigarette.

Over the next forty minutes, the officers, along with Ms. Adewole, told Appellant multiple times that she was not welcome at the residence and that she needed to leave. During this interaction the officers learned that Appellant lives in Washington County. To facilitate Appellant leaving, the officers called for a taxi. However, Appellant refused the taxi after it arrived. These interactions that occurred inside the residence, including Appellant's repeated refusals to leave, were captured on the audio portion of Officer Urbanec's vehicle dash camera. As Appellant refused all requests and efforts to leave the residence, Officer Urbanec informed Appellant that she was going to be arrested for criminal trespass. In response, Appellant physically resisted by tensing up her arms, and lowering her arms and center of gravity, which resulted in her being taken down to the floor in order to be handcuffed. When Appellant was brought to her feet, she began kicking at Ms. Adewole and both officers, making contact with Officer Babcock. Officer Babcock testified that Appellant kicked him in his left shin, knee and thigh and that Appellant also punched him in the face while they were removing her from the residence. As Appellant continued to physically resist, she had to be carried out to the patrol car with Officer Urbanec holding her by her legs and Officer Babcock holding her by her shoulders. This last interaction, which occurred in part outside of the residence, was captured on the video portion of the dash cam footage[.]

Appellant provided very brief testimony wherein she denied kicking, striking or hurting anyone.

Trial Court Opinion, 6/23/22, at 3-4 (footnotes omitted).

Following a bench trial, the trial court found Appellant guilty of harassment and immediately sentenced her to 60 days of probation with credit for time served. The instant, timely appeal followed.[2]

Appellant presents two issues for our review:

I. WAS THE EVIDENCE INSUFFICIENT TO CONVICT [APPELLANT] OF HARASSMENT UNDER 18 Pa.C.S.A. § 2709(A)(1)?

II. DID THE TRIAL COURT ABUSE ITS DISCRETION IN NOT DISMISSING THE CHARGE OF HARASSMENT WHERE THE INCIDENT WAS A *DE MINIMIS* INFRACTION PURSUANT TO 18 Pa.C.S.A. § 312?

Appellant's Brief at 5.

Appellant challenges the sufficiency of the evidence. She maintains the Commonwealth "did not establish, beyond a reasonable doubt, that [Appellant] had the specific intent to harass, annoy, or alarm Officer Babcock." *Id.* at 10 (capitalization omitted). Appellant does not dispute that she came into physical contact with Officer Babcock but argues that "common sense and rational logic dictate that people oftentimes thrash and flail their limbs in any effort to get away from others[.]" *Id.* at 11.

When reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable

_____

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

doubt." ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

As to harassment, a person "commits the crime … when, **with intent to harass, annoy or alarm another, the person** … strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S.A. § 2709(a)(1) (emphasis added). "An intent to harass may be inferred from the totality of the circumstances." ***Commonwealth v. Cox***, 72 A.3d 719, 721 (Pa. Super. 2013).

In its opinion, the trial court aptly disposed of Appellant's claim of insufficient evidence:

> Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, it was reasonable for the fact finder to infer Appellant's intent. Officer[s] Babcock and Urbanec spent approximately forty minutes attempting to resolve Ms. Adewole's call to have Appellant removed from her home. Appellant's steadfast refusal to leave her sister's home supports that when she kicked and punched Officer Babcock[,] it was intended to disrupt her arrest and removal and was sufficient to establish that it was done with the intent to harass, annoy or alarm Officer Babcock. She clearly, struck, kicked, and subjected the officer to physical contact while being removed from the home.

Trial Court Opinion, 6/23/22, at 6.

Further, the record reflects that, after handcuffing Appellant, the officers allowed her to get up from the floor because she told them, "[o]kay, I'm done fighting, I'll be good." N.T., 1/10/22, at 22. She then proceeded to kick and punch Officer Babcock. *Id.* These actions certainly evidence Appellant's intent to harass and annoy Officer Babcock. Thus, the record reflects there is ample evidence to support Appellant's conviction of harassment. *See Cox*, *supra* at 721; *see also Commonwealth v. Lutes*, 793 A.2d 949, 961 (Pa. Super. 2002) (evidence sufficient to sustain harassment conviction where defendant blocked victim's path, poked him in chest, and threatened to punch him). Appellant's first issue is frivolous as a matter of law.

In her second issue, Appellant contends the trial court should have dismissed the charge of harassment "as it was a *de minimis* infraction under 18 Pa.C.S.A. § 312." Appellant's Brief at 14.

This Court has explained:

We review a trial court's refusal to dismiss an infraction as *de minimis* for an abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

Section 312 of the Crimes Code provides, in relevant part:

§ 312. *De minimis* infractions

(a) General rule.—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312(a). An offense alleged to be *de minimis* in nature should not be dismissed where either harm to the victim or society in fact occurs.

***Commonwealth v. Toomer***, 159 A.3d 956, 959-60 (Pa. Super. 2017) (quotation marks and some citations omitted).

Here, the trial court deemed Appellant's claim waived because she "never requested dismissal of the charges based on an argument that the case was *de minimis*." Trial Court Opinion, 6/23/23, at 5. Appellant does not dispute this. Appellant's Brief at 14-15. Rather, she argues that because a trial court "can raise the *de minimis* issue *sua sponte*," by failing to do so "the [t]rial [c]ourt implicitly addressed the issue[,]" and therefore it is not waived. *Id.* We disagree.

It is axiomatic that issues not first presented to the trial court are waived on appeal. Pa.R.A.P. 302(a). "The appellate rules direct that an issue must be raised in the trial court in order to provide that court with the opportunity to consider the issue, rule upon it correctly, and obviate the need for appeal."

*Gustine Uniontown Assocs., Ltd. ex rel. Gustine Uniontown, Inc. v. Anthony Crane Rental, Inc.*, 892 A.2d 830, 835 (Pa. Super. 2006). **Similarly, a litigant may not present a new or different legal theory in support of relief on appeal.** *Commonwealth v. Cline*, 177 A.3d 922, 927 (Pa. Super. 2017). Thus, all legal theories or arguments must first be presented to the trial court, which can then correct any error in the first instance before an appeal becomes necessary.[3]

Because Appellant never sought dismissal of the charges as *de minimis* at trial, instead raising it for the first time in her Rule 1925(b) statement, she waived this claim. *Cline*, 177 A.3d at 927. *See also Commonwealth v.*

---

[3] Both cases cited by Appellant in support of her contention that she did not waive this claim, *Commonwealth v. Matty*, 619 A.2d 1383 (Pa. Super. 1993) and *Commonwealth v. Gemelli*, 474 A.2d 294 (Pa. Super. 1981), are inapposite. In *Gemelli*, the trial court *sua sponte* dismissed certain charges against the defendant and the Commonwealth appealed. The defendant argued the court erred in dismissing the charges when the defendant had not sought dismissal of the charges pursuant to Rule 312 in his pre-trial motion. *Gemelli*, 474 A.2d at 298. Thus, in *Gemelli*, there was no question of waiver because the trial court made a ruling pursuant to Rule 312.

In *Matty*, the defendant was charged with numerous offenses. *Matty*, 619 A.2d at 1384. However, the jury only convicted the defendant of a few summary offenses. *Id.* Further, the defendant received a very light sentence of being ordered to pay $32 in restitution. *Id.* After affirming the judgment of sentence, this Court *sua sponte* questioned whether the offense was *de minimis*. *Id.* at 1388. The *Matty* panel did not cite to any authority for the proposition that this Court could raise the issue *sua sponte*. *Id.* Ultimately, after a brief discussion, we concluded the charge was not *de minimis*. *Id.* We have not thereafter cited *Matty* as allowing this Court to raise a Rule 312 issue *sua sponte*. We decline to do so in this instance where the trial court explicitly and correctly found waiver.

***Goolson***, 189 A.3d 994, 1000 (Pa. Super. 2018) (appellant cannot raise new legal theory on appeal); ***Commonwealth v. Coleman***, 19 A.3d 1111, 1118 (Pa. Super. 2011) (issues raised for first time in Rule 1925(b) statement are waived); ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (courts may not act as counsel for a party). Thus, Appellant waived her second and final issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/17/2023